UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN PORTER,

                Petitioner,

                                      Case No. 14-CV-10171

v.

                                      HON. MARK A. GOLDSMITH

LINDA TRIBLEY,

                Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**(Dkt. 1), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Petitioner Stephen Porter, confined at the Ojibway Correctional Facility in Marenisco, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), through his counsel, Matthew S. Kolodziejski.  Petitioner challenges his conviction for six counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a) and (b); and six counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a) and (b). For the reasons stated below, the Court denies the petition for writ of habeas corpus.

## II.  BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  The facts relied upon by the Michigan Court of Appeals in his appeal are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).  See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).  Those facts are as follows:

> Defendant was convicted of sexually molesting a family relative
> during a four-year period from 2002 to 2006. Evidence of

1

> additional uncharged sexual acts against the victim was admitted
> pursuant to MRE 404(b)(1).  At trial, the victim testified to an
> ongoing pattern of sexual abuse over a period of several years,
> beginning when the victim was approximately eight years old and
> continuing until he was approximately fifteen years old.

People v. Porter, No. 298351, 2011 WL 2936790, at *1 (Mich. Ct. App. July 21, 2011).

Petitioner's conviction was affirmed on appeal.  Id. at *2.  Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected on September 16, 2011 for being untimely.  Royster Aff. at 1 (cm/ecf page) (Dkt. 8-12).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. People v. Porter, No. 09-026718-01-FC (Wayne Cnty. Cir. Ct. Aug. 2, 2012) (Dkt. 8-15).  The Michigan appellate courts denied Petitioner leave to appeal.  People v. Porter, No. 311780 (Mich. Ct. App. May 30, 2013) (Dkt. 8-16), leave denied 839 N.W.2d 474 (Mich. 2013).

Petitioner seeks a writ of habeas corpus on the following seven grounds:

> i.    Porter is entitled to a new trial where his Sixth Amendment
>       right to a public trial was violated when the court
>       proceedings were closed to the public during voir dire.
>
> ii.   Porter was denied his Sixth Amendment right to the effective
>       assistance of counsel where his trial counsel failed to object
>       when the trial court excluded the public from jury selection
>       and where appellate counsel was ineffective for failing to
>       raise the ineffectiveness of trial counsel on direct appeal.
>
> iii.  Porter was denied the effective assistance of counsel where
>       there was no objection to the jury instructions as given which
>       failed to instruct on how to consider similar uncharged prior
>       bad acts.
>
> iv.   Porter was denied a fair trial and his convictions are a
>       violation of due process where the prosecutor committed
>       misconduct by improperly vouching for the credibility of the
>       complaining witness.

2

     v.    Porter is entitled to a new trial on the grounds of newly discovered evidence which clearly disproves the prosecution's theory that he retaliated against the complaining witness.

     vi.    Porter was denied the effective assistance of counsel where trial counsel failed to adequately investigate, present exculpatory evidence, and object when the prosecutor improperly vouched for the credibility of the complaining witness and where appellate counsel failed to raise the issues of prosecutorial misconduct and ineffective assistance of trial counsel on direct appeal.

     vii.    Porter was denied a fair trial and his convictions are a violation of due process based upon the cumulative effect of the errors that were committed.

Pet. at 13-14, 17, 20, 23, 27, 33.

### III.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if

the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."  Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted).  A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id. (citation omitted).  Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA.  See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." <u>Harrington,</u> 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents.  <u>Id.</u>  Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." <u>Id.</u> (quotation marks omitted).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." <u>Woodford v. Viscotti</u>, 537 U.S. 19, 24 (2002).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington,</u> 131 S. Ct. at 786-787.

## IV.  ANALYSIS

### A.  Petitioner's Claims

#### 1.   Claims 1 and 2:  The public trial claim and the related ineffective assistance of counsel claim.

Petitioner claims that his right to a public trial was violated by the exclusion of the public from the courtroom during jury voir dire.  Respondent contends that Petitioner's public trial claim is waived because Petitioner failed to object to the closure of the courtroom.

"The central aim of a criminal proceeding must be to try the accused fairly." <u>Waller v. Georgia</u>, 467 U.S. 39, 46 (1984).  The Sixth Amendment public-trial guarantee was created to

5

further that aim.  Id.  A public trial not only helps to ensure that both the "judge and prosecutor carry out their duties responsibly," it also "encourages witnesses to come forward[,] and discourages perjury."  Id.  The violation of the constitutional right to a public trial is a structural trial error, not subject to the harmless-error analysis.  Id. at 49-50, n. 9; see also Carson v. Fischer, 421 F.3d 83, 95 (2d Cir. 2005) (noting that the Supreme Court, in Arizona v. Fulminate, 499 U.S. 279, 310 (1991), "listed deprivation of the right to a public trial as a 'structural' error to which harmless error analysis does not apply").  And in Presley v. Georgia, the Supreme Court held that a criminal defendant's Sixth Amendment right to a public trial was violated when the trial court excluded the public from the voir dire of prospective jurors and failed to consider reasonable alternatives to closure.  558 U.S. 209, 216 (2010).

Although the right to a public trial is a fundamental right, it can be waived if a habeas petitioner either acquiesces in the closure of the courtroom or fails to object.  Peretz v. United States, 501 U.S. 923, 936–937 (1991) (noting that, among the most basic rights of criminal defendants that are subject to waiver, failure to object to the closing of a courtroom constitutes "waiver of right to public trial").  The Sixth Circuit is in agreement.  See Johnson v. Sherry, 586 F.3d 439, 444 (6th Cir. 2009) ("The Sixth Amendment right to a trial that is 'public,' provides benefits to the entire society more important than many structural guarantees; but if the litigant does not assert it in a timely fashion, he is foreclosed." (brackets omitted)), cert. denied, 131 S. Ct. 87 (2010).  Other circuits have reached the same conclusion.[1]  In other words, the fact that

---

[1] See United States v. Reagan, 725 F.3d 471, 488-489 (5th Cir. 2013), cert. denied, 134 S. Ct. 1514 (2014) (defendants waived the claim that their right to a public trial was violated by the closing of the courtroom during voir dire; hence, the claim was unreviewable on appeal); United States v. Christi, 682 F.3d 138, 142-143 (1st Cir. 2012), cert. denied 133 S. Ct. 549 (2012) (by counsel's failure to object, defendant waived any claim of error in the court limiting public access to the courtroom during most of jury instructions); United States v. Rivera,  682 F.3d

the denial of the right to a public trial is a structural error does not mean that the claim cannot be waived by Petitioner's failure to object.  Although structural errors are per se reversible and not subject to harmless error review, such errors are nevertheless subject to the general rules of waiver, forfeiture, and default.  See Johnson v. United States, 520 U.S. 461, 466 (1997) (waived or forfeited structural error subject to plain error review under Fed. R. Crim. P. 52(b)); see also United States v. Suescun, 237 F.3d 1284, 1288 n.12 (11th Cir. 2001) ("Structural defects do not absolve a defendant's waiver of a defense or objection.").

The fact that Petitioner did not expressly agree on the record to the exclusion of the public from the jury selection or from the questioning of the various jurors, likewise, does not alter this analysis.  Although certain fundamental rights of a criminal defendant, such as the right to counsel or to decide whether to plead guilty, cannot be waived by counsel without the express, knowing, and voluntary consent of the defendant, see New York v. Hill, 528 U.S. 110, 114-115 (2000), for other rights, "waiver may be effected by action of counsel."  Id. at 114.  The Supreme Court has, "in the context of a broad array of constitutional and statutory provisions, articulated a general rule that presumes the availability of waiver," even when that waiver involves "the most basic rights of criminal defendants."  Id. (quotation marks and citation omitted).  Moreover, "the lawyer has—and must have—full authority to manage the conduct of the trial . . . .  Thus, decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary

---

1223, 1232 (9th Cir. 2012) (defendant may forfeit the right to a public trial by either "affirmatively waiving it or by failing to assert it in a timely fashion").  But see Walton v. Briley, 361 F.3d 431, 434 (7th Cir. 2004) (holding that habeas petitioner had not waived the right to a public trial by failing to object at trial, because a right to a public trial is a fundamental trial right which "may be relinquished only upon a showing that the defendant knowingly and voluntarily waived such a right").

objections to raise, and what agreements to conclude regarding the admission of evidence." Id. at 115 (citations omitted).

Various federal circuit courts have held that a "defendant's attorney's waiver of the right to a public trial is effective on the defendant." United States v. Hitt, 473 F.3d 146, 155 (5th Cir. 2006). The Sixth Circuit, in Johnson v. Sherry, essentially acknowledged that the petitioner's right to a public trial had been waived by counsel's failure to object to the closure of the courtroom. 586 F.3d at 444, 446. The Supreme Court has yet to hold that an attorney "cannot waive his client's right to a public trial." Guyton v. Butler, 490 F. App'x 331, 333 (11th Cir. 2012). Indeed, in denying a petitioner habeas relief, the Second Circuit has noted that "there is no clearly established binding precedent [from the Supreme Court] as to either whether personal waiver of the right to a public trial is constitutionally required, or as to whether waiver by counsel requires consultation with a client." Daughtry v. Greiner, No. 01–2466, 2002 WL 31819589, at *1 (2d Cir. Dec. 16, 2002).

Thus, to the extent that Petitioner argues that his public-trial claim was not effectively waived because he did not personally waive this right, the Court concludes that habeas relief is precluded because of the lack of clearly established Supreme Court precedent regarding whether a defendant must personally waive his public-trial right or whether, if the right is to be waived by counsel, there must be consultation with the defendant. Id.

In the alternative, the Court finds that Petitioner's public-trial claim is procedurally defaulted because the Michigan Court of Appeals determined that Petitioner's public-trial claim had been forfeited due to Petitioner's failure to object to the closures of the courtroom at trial, and was thus, subject to plain-error review. See Porter, 2011 WL 2936790, at *1 (relying

8

principally on its decision in <u>People v. Vaughan</u>, 804 N.W.2d 764, 772 (Mich. Ct. App. 2010), <u>vacated in part on other grounds</u>, 821 N.W.2d 288 (Mich. 2012), which held that because the "defendant's trial counsel did not object to the trial court's decision to close the courtroom to the public during the selection of his jury[,] . . . the error [did] not warrant relief").

When the state courts clearly and expressly rely on an "independent and adequate state procedural bar," federal habeas review also is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Nonetheless, in an extraordinary case, where a constitutional error "has probably resulted in the conviction of one who is actually innocent," a federal court may consider the constitutional claims presented "even in the absence of a showing of cause for the procedural default." <u>Murray v. Carrier</u>, 477 U.S. 478, 479-480 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the "allegations of constitutional error with new reliable evidence . . . that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals concluded that Petitioner forfeited review of his public-trial claim because of his failure to object. Therefore, it reviewed the claim for plain error. <u>See Porter</u>, 2011 WL 2936790, at *1. The fact that the Michigan Court of Appeals engaged in plain-error review of Petitioner's public-trial claim does not constitute a waiver of the state procedural default. <u>Seymour v. Walker</u>, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent . . .

9

indicates that plain error review does not constitute a waiver of state procedural default rules."). Instead, the Court should view the state appellate court's review of Petitioner's claim for plain error as "enforcement of [the] procedural default." Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001). Moreover, the fact that Petitioner's public-trial claim involves a structural error does not absolve him of the need to establish cause and actual prejudice to excuse the default. See Ambrose v. Booker, 684 F.3d 638, 650-651 (6th Cir. 2012) (holding that, given the "procedural default rule's roots in comity and federalism, a petitioner must show that he was actually prejudiced regardless of the nature of the underlying constitutional claim," and noting that concerns of comity and federalism "are in no way diminished if the federal claim raised before the federal habeas court is one of structural error"). Accordingly, the Court concludes that Petitioner's public-trial claim is procedurally defaulted.

In his second claim, Petitioner argues that trial counsel was ineffective for failing to object to the closure of the courtroom during voir dire. See Pet. at 14.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. In so doing, the defendant must overcome a "strong presumption" that counsel's behavior lies within the "wide range of reasonable professional assistance." Id. at 689. In other words,

Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  Id. at 689.

Second, the defendant must show that such performance prejudiced his defense.  Id. at 687.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "Strickland's test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'"  Storey v. Vasbinder, 657 F.3d 372, 379 (6th Cir. 2011) (quoting Harrington, 131 S. Ct. at 792).  The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a "reasonable probability" that the result of the proceeding would have been different but for counsel's allegedly deficient performance.  See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

In assessing whether a claim of ineffective assistance satisfies the "cause" requirement of Coleman, a less stringent standard of review is applied than when reviewing an independent, freestanding ineffective assistance of counsel claim pursuant to the deferential standard of review found in 28 U.S.C. § 2254(d).  The question for the federal habeas court is not whether the state-court's decision was unreasonable, but whether there was an independent Sixth Amendment violation under Strickland.  Stated differently, the level of scrutiny is the same as would be applied on direct review.  See Joseph v. Coyle, 469 F.3d 441, 459 (6th Cir. 2006).  "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel."  Hall v. Vasbinder, 563 F.3d 222, 236 (6th Cir.2009).  This is because the "latter must meet the higher AEDPA standard of review,

while the former need not." Id. at 237.  Nonetheless, the "prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context.  Establishing Strickland prejudice likewise establishes prejudice for purposes of cause and prejudice.'"  Id. (brackets and quotation marks omitted).

Petitioner has failed to show that trial counsel was ineffective for failing to object to the closure of the courtroom for jury selection, either to excuse the default or as an independent claim for relief.  First, trial counsel's decision to agree to the closure of the courtroom for a non-public voir dire could well have been a reasonable trial strategy for the purpose of obtaining more honest or forthright responses from jurors, thus defeating Petitioner's claims.  See Horton v. Allen, 370 F.3d 75, 82-83 (1st Cir. 2004) (holding that a "defendant may have an interest in protecting juror privacy in order to encourage honest answers to the voir dire questions," and that "counsel's decision to agree to a closed individual voir dire was an objectively reasonable strategy designed to elicit forthcoming responses from the jurors"); United States v. Koubriti, 252 F. Supp. 2d 424, 431 (E.D. Mich. 2003) ("The potential jurors will be more candid in their responses if they do not have to worry about what the public's opinion of those responses might be.").

Moreover, assuming that trial counsel was deficient for failing to object to the closure of the courtroom, Petitioner has failed to show that he was prejudiced by counsel's failure to object.

Petitioner argues that the failure to object deprived him "of the right to a public and fundamentally fair trial, and violates the Strickland standards."  Pet. at 16.  Although Petitioner makes no argument regarding prejudice beyond this conclusory statement, Petitioner relies on

Johnson v. Sherry, where the Sixth Circuit considered whether trial counsel's performance led to a denial of the petitioner's right to a public trial.  586 F.3d at 447.  In that case, the Sixth Circuit remanded to the district court for an evidentiary hearing to determine whether counsel's performance was deficient, and thus did not definitively resolve the prejudice issue.  Id. at 448.  The panel majority, however, seemed to suggest that if a structural error is shown by counsel's deficient performance, then prejudice should be presumed.  Id. at 447 ("Because the right to a public trial is a structural guarantee, if the closure were unjustified or broader than necessary, prejudice would be presumed.").  However, a later panel of the Sixth Circuit characterized the Johnson opinion's suggestion "that prejudice is presumed when the deficient performance results in a structural error" as dicta.  Zimmerman v. Booker, 517 F. App'x 333, 337 n.3 (6th Cir. 2013).  Therefore, Johnson does not control this Court's decision.

Further, Johnson's persuasive force has been undermined for the reasons set forth in Judge Kethledge's dissent in that case, which criticized the majority's assertion that prejudice should be presumed because the right to a public trial is a structural guarantee.  Judge Kethledge observed that the majority's ruling "drives right past the distinction between a [public-trial] claim and a Strickland one.  What the majority says is true enough for a [public-trial] claim, but Johnson's petition undisputedly turns on a Strickland one; and Strickland repeatedly and unequivocally says that actual prejudice is required."  Id. at 449 (Kethledge, J., dissenting) (citing Strickland, 466 U.S. at 693-694).

Judge Kethledge's position has support in the Supreme Court's ineffective assistance of counsel and structural error jurisprudence.  In every case in which the Supreme Court has set forth the circumstances in which prejudice from counsel's deficient performance may be

presumed, it has never held that an underlying structural error caused by counsel's performance is a reason for presuming prejudice; instead, only complete, actual, or constructive denial of counsel or a conflict of interest suffices.  See Wright v. Van Patten, 552 U.S. 120, 124–125 (2008) (holding that "[United States v.] Cronic[, 466 U.S. 648 (1984)], not Strickland, applies when the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial, and one circumstance warranting the presumption is the complete denial of counsel" (ellipsis, quotation marks, and citation omitted)).[2]  Presuming prejudice based

---

[2]  See also Florida v. Nixon, 543 U.S. 175, 189–190 (2004) ("Cronic recognized a narrow exception to Strickland's holding that a defendant who asserts ineffective assistance of counsel must demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense[,]" and that because "counsel's failure must be complete" in order "for Cronic's presumed prejudice standard to apply," the "surrounding circumstances [that] will justify a presumption" are infrequent (brackets and quotation marks omitted)); Bell v. Cone, 535 U.S. 685, 695–696 (2002) (identifying the following three situations where a presumption of prejudice is warranted: (i) "where the accused is denied the presence of counsel at a critical stage," (ii) where "counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing", and (iii) "where counsel is called upon to render assistance under circumstances where competent counsel very likely could not"); Mickens v. Taylor, 535 U.S. 162, 166 (2002) ("[The Court has] spared the defendant the need of showing probable effect upon the outcome, and [has] simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary. But only in 'circumstances of that magnitude' do[es] [the Court] forgo individual inquiry into whether counsel's inadequate performance undermined the reliability of the verdict." (citations omitted)); Roe v. Flores–Ortega, 528 U.S. 470, 482–483 (2000) (requiring the defendant, in cases involving mere attorney error, to demonstrate that such errors actually had an adverse effect on the defense, but that a presumption of prejudice is warranted where the defendant alleges that "during the judicial proceeding he was — either actually or constructively — denied assistance of counsel altogether"); Smith v. Robbins, 528 U.S. 259, 286-287 (2000) (holding that the "applicability of Strickland's actual-prejudice prong to [the defendant's] claim of ineffective assistance follows from Penson[ v. Ohio, 488 U.S. 75 (1988)], where [the Court] distinguished denial of counsel altogether on appeal, which warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not"); Penson, 488 U.S. 75, 88 (extending the "denial of counsel" presumption to the appellate stage where a petitioner is left "completely without representative during the appellate court's actual decisional process");

upon counsel's failure to object to a structural error would be inconsistent with this precedent, as well as with <u>Strickland</u>'s unequivocal holding that, denial of counsel and "[c]onflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." <u>Strickland</u>, 466 U.S. at 693.

The Court further notes that there is a split in the circuits as to whether prejudice is presumed when the underlying error is structural. Three circuits, including the Sixth Circuit panel majority in <u>Johnson</u>, have concluded that prejudice can be presumed where counsel's deficient performance results in a structural error.[3] Two circuits have gone in the opposite direction, requiring a showing of actual prejudice even where the error is structural.[4] And one circuit has declined to determine whether trial counsel's failure to object to the closure of the courtroom requires a showing of actual prejudice or whether prejudice can be presumed. <u>See</u>

<u>Cronic</u>, 466 U.S. 658, 659–660 (stating that the that the "presumption that counsel's assistance is essential requires [the Court] to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial," and that, in some situations, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial"); <u>Strickland</u>, 466 U.S. at 692 (stating that the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice").

[3] <u>See</u> <u>Johnson</u>, 586 F. 3d at 447 ("Because the right to a public trial is a structural guarantee, if the closure were unjustified or broader than necessary, prejudice would be presumed."); <u>Owens v. United States</u>, 483 F.3d 48, 64-65 (1st Cir. 2007) (prejudice presumed where counsel failed to object to the closure of the courtroom for an entire day of trial); <u>McGurk v. Stenberg</u>, 163 F.3d 470, 475 (8th Cir.1998) (holding that, "when counsel's deficient performance causes a structural error, we will presume prejudice under <u>Strickland</u>").

[4] <u>See</u> <u>Purvis v. Crosby</u>, 451 F.3d 734, 742 (11th Cir. 2006) (requiring a showing of actual prejudice where counsel failed to object to a courtroom closure); <u>Virgil v. Dretke</u>, 446 F.3d 598, 607 (5th Cir. 2006) (declining to hold that "a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context").

United States v. Withers, 638 F.3d 1055, 1067-1068 (9th Cir. 2011).  The Sixth Circuit has repeatedly recognized that a "disagreement among the circuit courts is evidence that a certain matter of federal law is not clearly established" for federal habeas purposes.  See Miller v. Colson, 694 F.3d 691, 698 (6th Cir. 2012), cert. denied 133 S. Ct. 2739 (2013).

Furthermore, the Supreme Court's recent decision in Premo v. Moore, 131 S. Ct. 733 (2011) appears to vindicate Judge Kethledge's dissenting opinion in Johnson.  In Premo, the petitioner had pleaded no contest to felony murder.  He subsequently filed a habeas petition in which he alleged that counsel was ineffective for failing to move to suppress his coerced confession, which had been introduced in violation of Arizona v. Fulminante, 499 U.S. 279 (1991).  The Ninth Circuit granted habeas relief, holding that the state-court's decision that counsel's failure to move to suppress the statement was not ineffective was both an unreasonable application of Strickland and contrary to Fulminante.  See Premo, 131 S. Ct. at 738–739.

The Supreme Court reversed, concluding that the Ninth Circuit had erred by incorporating the standard governing the underlying substantive violation of a coerced confession set forth in Fulminate into the Strickland inquiry.  Id. at 743, 746.  Specifically, the Supreme Court found that the state court's finding that the petitioner was not prejudiced by his counsel's failure to seek suppression of the petitioner's confession could not "be contrary to Fulminante, for Fulminante says nothing about prejudice for Strickland purposes, nor does it contemplate prejudice in the plea bargain context."  Id. at 744.  Furthermore, after noting that Fulminante is not a "per se rule of prejudice, or something close to it, in all cases involving suppressible confessions," the Court held that the Fulminante's prejudice standard for suppressible confessions "cannot apply to determinations of whether inadequate assistance of

16

counsel prejudiced a defendant who entered into a plea agreement." Id. Thus, the question in Premo was essentially whether the state-court's decision that the petitioner was not prejudiced by counsel's performance was unreasonable. Id.[5] The Court then held the "state postconviction court reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," thereby ending federal review under the AEDPA. Id. at 745.

Thus, the Supreme Court in Premo found error in the Ninth Circuit's incorporation of the Fulminante prejudice standard governing the underlying error into the Strickland prejudice inquiry. This is precisely what the Sixth Circuit did in Johnson; it presumed prejudice where counsel's performance resulted in a structural error. As such, Johnson cannot be reconciled with Premo.

A habeas court may only look at the holdings of the United States Supreme Court "as they existed at the time of the relevant state court decision" to determine whether the decision was contrary to, or an unreasonable application of, clearly established federal law. Mitzel v. Tate, 267 F.3d 524, 530-531 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeal, when deciding whether a state-court's decision was contrary to, or an unreasonable application of, clearly established federal law. Id.; Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (explaining that circuit court precedent does not constitute "clearly established Federal law, as determined by the Supreme Court," and thus "cannot form the basis for habeas relief under [the] AEDPA" (citation omitted)); Lopez v. Smith, -- S. Ct. --, 2014 WL 4956764, at *3-4 (2014) (recognizing that the AEDPA prohibits federal courts of appeal from

---

[5] See Premo, 131 S. Ct. at 743 ("To prevail on prejudice before the state court [the petitioner] had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted)).

17

relying on their own precedent to conclude that a particular constitutional principle is clearly established).  Because the Sixth Circuit's holding in <u>Johnson</u> cannot be reconciled with <u>Premo</u>, this Court is not bound by <u>Johnson</u>, even if it were not dicta.  Therefore, in light of <u>Premo</u>, the question presented here is whether Petitioner was prejudiced under <u>Strickland</u> by his counsel's failure to object to the closure of the courtroom.

In the present case, Petitioner has failed to allege, let alone establish, that he was actually prejudiced by the closure of the courtroom for jury selection.  Because Petitioner has failed to show that a different result would have occurred had trial counsel objected to the closures of the courtroom, the Court finds that Petitioner was not prejudiced under <u>Strickland</u> by his counsel's failure to object to the closure of the courtroom.  Therefore, the Court finds that Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, nor can he use it to establish cause to excuse any default for his public-trial claim.  <u>Purvis</u>, 451 F. 3d at 743.

Finally, Petitioner has presented no new, reliable evidence to establish that he is actually innocent of these crimes.  Because Petitioner has failed to do so, a miscarriage of justice will not occur by the Court declining to review Petitioner's procedurally defaulted public-trial claim on the merits.  <u>See</u>, <u>e.g.</u>, <u>Wolfe v. Bock</u>, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006) ("The petitioner has not presented any new reliable evidence to support a claim of actual innocence.  Therefore, the Court must conclude that nearly all of the petitioner's claims of prosecutorial misconduct are barred by the doctrine of procedural default.").

Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his first claim regarding exclusion of the public from the courtroom during jury voir dire, as well as his

second claim alleging ineffective assistance of counsel for failing to object to the closure of the courtroom.

### 2.   Claim 3:   Trial counsel's ineffectiveness in failing to request a limiting instruction on prior bad acts evidence.

Petitioner contends that his trial counsel was ineffective for declining a cautionary instruction regarding the limited purpose of the prior bad acts evidence that had been admitted against petitioner at trial.

Trial counsel's decision not to request limiting instructions may have been perfectly sound from a tactical standpoint, because "[s]uch instructions inevitably invite the jury's attention to matters the defendant normally prefers not to emphasize[.]"  See Ferguson v. Knight, 809 F.2d 1239, 1243 (6th Cir. 1987); see also Ashe v. Jones, 208 F.3d 212, 2000 WL 263342, at *6 (6th Cir. Feb. 29, 2000) (stating that counsel may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the jury's consideration of the prior bad acts evidence based on the belief that such an "instruction would bring undue attention to the other acts"); Stamps v. Rees, 834 F.2d 1269, 1276 (6th Cir. 1987), cert. denied, 485 U.S. 980 (1988) (failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that . . . counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them").

In this case, Petitioner has failed to overcome the presumption that counsel's decision to forego requesting cautionary instructions was a reasonable trial tactic to avoid giving undue attention to Petitioner's uncharged criminal sexual conduct.

Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his third claim.

### 3. Claims 4 and 6: The prosecutorial misconduct and the related ineffective assistance of trial counsel claims.

In his fourth claim, Petitioner argues that he was deprived of a fair trial because of prosecutorial misconduct. As part of his sixth claim, Petitioner alleges that his trial counsel was ineffective for failing to object to this misconduct. Respondent contends that Petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise the issue in his appeal of right — and show prejudice — as required by Mich. Ct. R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise these claims on his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451-452 (2000). If Petitioner "could show that [he] received ineffective assistance of appellate counsel that rose to the level of" a Sixth Amendment violation, "it would excuse [his] procedural default" for failing to raise his claims on his direct appeal in the state courts. Seymour v. Walker, 224 F.3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it is more efficient to consider initially the merits of these claims. See Cameron v. Birkett, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Thus, prosecutorial misconduct will form the basis for

20

habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances.  Donnelly, 416 U.S. at 643-645; Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982) (determining whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case").  The Court must focus on "the fairness of the trial, not the culpability of the prosecutor." Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997).

Petitioner claims that the prosecutor improperly vouched for the victim by repeatedly stating that the victim had no reason to lie or to "frame" Petitioner.  See Pet. at 22.

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocate's role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof."  Caldwell v. Russell, 181 F.3d 731, 737 (6th Cir. 1999). However, a prosecutor "is free to argue that the jury should arrive at a particular conclusion based upon the record evidence."  Id.  The test for improper vouching for a witness "is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility."  United States v. Causey, 834 F.2d 1277, 1283 (6th Cir. 1987).  "Generally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony."  See United States v. Francis, 170 F.3d 546, 550 (6th Cir. 1999) (internal citations omitted).  It is worth noting that the Sixth Circuit has never granted habeas relief for improper vouching.  Byrd v. Collins, 209 F.3d 486, 537 and n.43 (6th Cir. 2000).  Even

on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated.  See United States v. Humphrey, 287 F.3d 422, 433-434 (6th Cir. 2002), overruled on other grounds by United States v. Leachman, 309 F.3d 377, 383 (6th Cir. 2002).

Numerous cases have held that a prosecutor does not engage in vouching by arguing that his witnesses have no reason or motivation to lie, when such comments are based on the evidence and do not reflect a personal belief of the prosecutor.  See United States v. Jackson, 473 F.3d 660, 672 (6th Cir. 2007) (finding that "although the remarks were repeated and improper, it appears that the prosecutor was attempting, however ineptly, to argue that the government's witnesses were credible because their testimony was consistent and corroborated by non-testimonial evidence and because they had no reason to lie); United States v. Israel, 133 F. App'x 159, 165 (6th Cir. 2005) ("It was a rhetorical statement, which, although not in the form of a question per se, put the issue of [the witness's] credibility before the jury by highlighting his lack of motivation to lie.  The use of rhetorical statements during closing argument is not improper."); United States v. Parker, 49 F. App'x 558, 563 (6th Cir. 2002) ("In 'submitting' that the various government witnesses had 'no reason to lie,' the prosecutor directed the jurors back to the 'believable' testimony but never asserted as a matter of personal conviction that the witnesses were honest, did not rely on knowledge outside of the facts presented at trial, and did not argue that there was an outside arrangement with the government, such as a plea agreement, requiring honesty."); see also Alder v. Burt, 240 F. Supp. 2d 651, 669 (E.D. Mich. 2003) (prosecutor did not engage in improper vouching when he argued that there was no evidence that the prosecution

witness had an "axe to grind" or any other improper motive, when he asked rhetorically whether person who would burn 19-year-old female's body to destroy evidence would give truthful testimony, or when he asked whether the prosecution witnesses had any reason to lie).

When viewed in the context of the entire closing argument, the Court finds that the prosecutor's comments did not amount to improper vouching but were rather based on the evidence and reasonable inferences from the evidence.

Moreover, the judge instructed the jurors that the lawyers' arguments and statements were not evidence. 1/25/10 Trial Tr. at 50 (Dkt. 8-8).  The judge further instructed the jurors on the factors that they should use to evaluate the credibility of the witnesses.  Id. at 52-54. Therefore, the Court finds that any alleged vouching for the credibility of witnesses did not rise to the level of a due process violation, in light of the fact that the jury was informed by the judge that the prosecutor's arguments were not evidence, and the judge instructed the jury as to the factors to consider in evaluating the credibility of the witnesses' testimony.  See Byrd, 209 F. 3d at 537-538.

The Court also rejects Petitioner's related ineffective assistance of trial counsel claim.

To show prejudice under Strickland for failing to object to prosecutorial misconduct, a habeas petitioner must show that, but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different.  Hinkle v. Randle, 271 F.3d 239, 245 (6th Cir. 2001). Because the Court has already determined that the prosecutor's comments did not deprive Petitioner of a fundamentally fair trial, Petitioner is unable to establish that he was prejudiced by counsel's failure to object to these remarks.  See Slagle v. Bagley, 457 F.3d 501, 528 (6th Cir.

2006) (holding that the petitioner's ineffective assistance of counsel claim failed where the court had already held that the prosecutor's comments did not render the petitioner's trial fundamentally unfair).

Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his fourth and sixth claims.

### 4.   Claims 5 and 6:  The newly discovered evidence claim and the related ineffective assistance of trial counsel claim.

In his fifth claim, Petitioner contends that he is entitled to a new trial based upon newly discovered evidence to rebut the victim's claim that Petitioner had deleted the victim's "World of Warcraft" internet gaming account in retaliation after the victim had gone to the police. Petitioner has affidavits from five individuals who claim that Petitioner was on a fishing trip in Upper Michigan without internet access on the date that the account was deleted and, thus, could not have been the one responsible for deleting the account.

In Herrera v. Collins, the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim "for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution – not to correct errors of fact." Id.; see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Thus, freestanding claims of actual innocence are not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. See Cress v. Palmer, 484 F.3d 844, 854-855 (6th Cir. 2007).

Moreover, the Supreme Court's decision in <u>House v. Bell</u> does not alter this Court's adjudication of Petitioner's claim, as the Supreme Court again declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence.  547 U.S. 518, 554-555 (2006).  Although the Supreme Court in <u>House</u> noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," <u>id.</u>, the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside of the death-penalty context.  Therefore, the Court finds that Petitioner is not entitled to relief for his fifth claim under available Supreme Court precedent.  <u>See</u> <u>Wright v. Stegall</u>, 247 F. App'x 709, 711 (6th Cir. 2007).

Moreover, even on direct appeal from a federal conviction, motions for a new trial based upon newly discovered evidence are "are disfavored and should be granted with caution." <u>United States v. Turns</u>, 198 F.3d 584, 586 (6th Cir. 2000).  When a defendant makes a motion for a new trial based upon newly discovered evidence, a defendant must show:

> 1.  the evidence was discovered after trial;
>
> 2.  the evidence could not have been discovered earlier with due diligence;
>
> 3.  the evidence is material and not merely cumulative or impeaching; and
>
> 4.  the evidence would likely produce an acquittal if the case were retried.

<u>Id</u>. at 586-587.

New evidence which is "merely cumulative or impeaching" is not an adequate basis for a new trial.  <u>Mesarosh v. United States</u>, 352 U.S. 1, 9 (1956).  The "mere existence of impeaching

evidence thus does not warrant a new trial." <u>United States v. Davis</u>, 15 F.3d 526, 532 (6th Cir. 1994).   Petitioner's proposed new evidence could at best be used to impeach the victim's credibility.

As part of his sixth claim, Petitioner claims that trial counsel was ineffective for failing to call five witnesses whom he claims would testify that Petitioner was with them on a fishing trip in a remote area of Upper Michigan with no internet access as the time that the victim's internet account was deleted, to rebut the victim's testimony that Petitioner had deleted the account in retaliation for the victim going to the police with the sexual assault allegations.

Petitioner's trial counsel extensively impeached the victim's testimony.   Counsel brought out the victim's lengthy delay in reporting the sexual abuse.   <u>See</u> 1/21/10 Trial Tr. at 26-27 (Dkt. 8-6); <u>See</u> 1/22/10 Trial Tr. at 89-90, 92 (Dkt. 8-7).   The victim admitted that he had never intended to tell his parents or the police about the sexual abuse.   <u>See</u> 1/22/10 Trial Tr. at 34.   The victim admitted that he and his friends continued to go on trips with Petitioner and stay in the same room with him even after the sexual abuse had started.   <u>Id.</u> at 86-87, 92.   Counsel also elicited testimony from the victim's mother that she had routinely asked her children over the years whether they had been sexually assaulted and had always received a negative response, including from the victim.   <u>See</u> 1/21/10 Trial Tr. at 81-82.   The victim's mother admitted that the victim sometimes lied.   <u>Id.</u> at 86.

Petitioner was not prejudiced by counsel's failure to present witnesses that Petitioner was on a fishing trip in a remote region of Michigan at the time that the victim's internet gaming account was deleted, because their testimony was cumulative of other evidence and witnesses presented at trial in support of Petitioner's claim that the victim had lied about the sexual abuse.

26

Wong, 558 U.S. at 22-23; see also United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995);

Johnson v. Hofbauer, 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001).  In this case, the jury had

significant evidence presented to it that the victim had been less than truthful about the nature of

the sexual abuse. Because the jury was "well acquainted" with evidence that would have

supported Petitioner's claim that the victim fabricated these charges, additional evidence in

support of petitioner's defense "would have offered an insignificant benefit, if any at all."

Wong, 558 U.S. at 23.

### 5.   Claims 2, 4, 5, and 6:  The ineffective assistance of appellate counsel claim.

Petitioner claims that appellate counsel was ineffective in failing to raise his second,

fourth, fifth, and sixth claims on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of

counsel on the first appeal by right.  Evitts v. Lucey, 469 U.S. 387, 396-397 (1985).  However,

court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue

requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).  This Court has already

determined that Petitioner's claims are without merit.  "Appellate counsel cannot be found to be

ineffective for failure to raise an issue that lacks merit." Shaneberger v. Jones, 615 F.3d 448, 452

(6th Cir. 2010) (quotation marks omitted).  Because none of these claims can be shown to be

meritorious, the Court finds that appellate counsel was not ineffective in his handling of

Petitioner's direct appeal.

Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his

ineffective assistance of appellate counsel claims.

### 6.   Claim 7:  The cumulative errors claim.

Petitioner contends that he is entitled to habeas relief because of cumulative error.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. Moore v. Parker, 425 F.3d 250, 256 (6th Cir. 2005). Therefore, the Court finds that Petitioner not entitled to habeas relief on the grounds of cumulative error.

Accordingly, the Court finds that Petitioner is not entitled to habeas relief on his seventh claim.

**B.  Certificate of Appealability**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; <u>Castro v. United States</u>, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

## V.  CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus. The Court also declines to issue a certificate of appealability.

SO ORDERED.


s/Mark A. Goldsmith
Dated: November 21, 2014                MARK A. GOLDSMITH
    Detroit, Michigan                  UNITED STATES DISTRICT JUDGE


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER